UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cv-00970-SEB-DML |
| | ) |
| SAMUEL BARRERA | ) |
| d/b/a TAQUERIA JALISCO, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This cause is before the Court on Plaintiff's Motion for Default Judgment [Dkt. No. 27]. Defendant Samuel Barrera, individually and d/b/a Taqueria Jalisco, has not responded and the time for doing so has now passed. The Court **GRANTS** the motion for the reasons set forth below.

**Standard**

Entry of default was made against Defendant Samuel Barrera on April 21, 2017. [Dkt. No. 26.] Following a clerk's entry of default, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "[O]nce a default has been established, and thus liability, the plaintiff must establish his entitlement to the relief he seeks." *J&J Sports Productions, Inc., v. The Old School Way, LLC*, No. 15-c-449, 2015 WL 4623598, at *1 (E.D. Wisc. July 30, 2015) (citing *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). Therefore, on proper application by a party for entry of default

judgment, the court must conduct an inquiry to ascertain the amount of damages with "reasonable certainty." *Id*.

**Background**

Plaintiff J&J Sports Productions, Inc. ("J&J") purchased the proprietary rights to distribute *Floyd Mayweather, Jr. v. Marcos Rene Maidana, WBC Welterweight Championship Fight Program* (and the "under-card bouts" and fight commentary), which was broadcast Saturday, May 3-4, 2014 (the "Fight"). After purchasing the rights to the Fight, J&J entered into sublicensing agreements with various commercial establishments (e.g., hotels, racetracks, casinos, taverns, bars, restaurants, social clubs) to permit public exhibition of the Fight.

Defendant Samuel Barrera operates his business, Taqueria Jalisco Bar located at 3648 North High School Road, Indianapolis, Indiana 46224. Private investigator Thomas G. Newgent entered Taqueria Jalisco Bar on May 3, 2014 at approximately 11:53 p.m. and observed the exhibition of the Fight. [Affidavit of Thomas G. Newgent, Dkt. No. 27-3 ("Newgent Aff.").] Newgent did not pay a cover charge to enter the restaurant; he purchased two Corona beers while in the Taqueria Jalisco Bar between 11:53 p.m. and 1:17 a.m. During this time, Newgent observed a crowd of between 41 and 47 people. The bar had a capacity of approximately 75-100 people. He observed three televisions, one of which was big screen (52") above and behind the bar, the other two were 42-47" televisions, all three of which were displaying the Fight. Defendant did not lawfully license the Fight from J&J; rather, he unlawfully intercepted and exhibited the Fight in the Taqueria Jalisco Bar. [Affidavit of Joseph M. Gagliardi, President of J&J Sports, Dkt.

2

No. 27-4 at ¶ 7.] Had Defendant purchased a commercial sublicense to broadcast the Fight, the fee would have been $2,200. [*Id.* ¶ 8.]

J&J filed this suit against the Defendant asserting claims for violations of the Communications Act of 1934, 47 U.S.C. § 605 and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C.§ 553 on the grounds that Defendant did not obtain from J&J a license to exhibit the Fight. J&J then served Defendant with a summons and the complaint on October 25, 2016 by the Hendricks County Sheriff's Office. [*See* Dkt. No. 11.] Defendant has not appeared or responded to J&J's Complaint. On April 21, 2017, the Clerk entered default against the Defendant.

J&J now seeks entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b).[1] J&J seeks the maximum amount of statutory damages ($10,000); enhanced damages; $1,135.49 in costs; and $1,287 in attorneys' fees.

## Discussion

J&J's suit is based on 47 U.S.C. §§ 553 and 605. "[T]he interception of cable television programming as it travels through the air is to be governed by § 605, while the interception of cable television programming traveling over a cable network (and specifically, the manufacture and distribution of decoder boxes) is to be governed by § 553(a)." *United States v. Norris,* 88 F.3d 462, 468 (7th Cir. 1996). J&J acknowledges that it cannot recover duplicative damages under both sections 553 *and* 605; thus, it has pled its claims in the alternative. *See J&J Sports Prods., Inc. v.*

---

[1] J&J has filed the requisite affidavit of non-military service. [Dkt. No. 23-1.]

*Gonzales*, 2013 WL 4777209, *2 (S.D. Ind. Sept. 5, 2013) (citing *J&J Sports Prods. v. Aguilera*, 2010 WL 2362189 (N.D. Ill. 2010) ("[A]lthough the precise means of transmission has not been determined, under the circumstances of this case, where Plaintiff was deprived of the opportunity to conduct discovery regarding the transmission at issue because of Defendants' failure to appear or defend in this action, Plaintiff should not suffer the resulting prejudice.")).

Under § 605(e)(3)(C)(i) a claimant may elect actual damages or statutory damages. Statutory damages for each violation of § 605 range from $1,000 to $10,000; the amount awarded is based on the court's discretion to arrive at a just amount to compensate for the violation. In addition, enhanced damages are available where the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain. 47 U.S.C. § 605(e)(3)(C)(ii). In such cases, the court may use its discretion to increase the award of damages by an amount of not more than $100,000 for each violation.[2]

We know that had Defendant properly obtained a license to legally show the Fight, he would have paid J&J the amount of $2,200 based on the capacity of the establishment which was less than 100 persons. [Gagliardi Aff. ¶ 8.] Although J&J's

---

[2] Likewise, under § 553(c)(3)(A), a claimant may elect actual or statutory damages. Statutory damages for each violation of § 553 range from $250 to $10,000; the amount awarded is based on the court's discretion to arrive at a just amount to compensate for the violation. 47 U.S.C. § 553(c)(3)(A)(ii). In addition, enhanced damages are available where the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain. 47 U.S.C. § 553(c)(3)(B). However, under § 553, the upper limit for an increase in damages that a court may award in its discretion is $50,000 for each violation. *Id.*

actual damages are readily ascertainable at the $,2200 level, it seeks a statutory award of $10,000 as a deterrence measure. Because actual damages are meant to make Plaintiff whole and not punish or deter, we exercise our discretion to award $2,200 as a just amount to compensate for the violation.

J&J also requests enhanced damages of $30,000. [Dkt. No. 27-2 at 9 (Plaintiff requests that the court "award enhanced damages three times the statutory damages award" of $10,000.).] Courts have considered several factors when determining whether and how much enhanced damages are appropriate, including: "(1) the number of violations; (2) defendant's unlawful monetary gains; (3) plaintiff's significant actual damages; (4) whether defendant advertised for the event; and (5) whether defendant collected a cover charge on the night of the event." *J&J Sports Prods., Inc. v. Gonzalez,* 2013 WL 4777209, *3 (S.D. Ind. Sept. 5, 2014) (quoting *J&J Sports Prods, Inc. v. Aguilera,* 2010 WL 2362189 (N.D. Ill. June 11, 2010)). Courts also consider "the deterrent effect of the award, with an eye toward imposing an award that is substantial enough to discourage future lawless conduct, but not so severe that it seriously impairs the viability of the defendant's business (at least for a first offense)." *Id.*

J&J provided evidence that the interception of the Fight was intentional: Defendant could not have accidentally or innocently intercepted the signal. [Gagliardi Aff. at ¶ 9.] Based on this evidence, we conclude that Defendant's violation of § 605 was willful; however, insufficient evidence exists to find that Defendant's violation of § 605 was done "for purposes of direct or indirect commercial advantage or private financial gain." *See* 47 U.S.C. § 605(e)(3)(C)(ii). There is no evidence before us that

5

Defendant is a repeat offender, nor is there any evidence that Defendant enjoyed any monetary gain as a result of showing the Fight. The evidence shows that Defendant did not advertise that the Fight would be televised at Taqueria Jalisco Bar and did not charge a cover charge for admission, although its exhibition of the Fight reached an audience of 42-47 people. J&J's actual damages here are a relatively small sum: $2,200. In these circumstances, an award of enhanced damages is not appropriate. *See J&J Sports Prods., Inc. v. Turrubiartes*, 2013 WL 3878740, at *2 (S.D. Ind. July 26, 2013) (holding that enhanced damages were not appropriate under similar circumstances); *but c.f. Gonzalez*, 2013 WL 4777209, at *3-4 (awarding $10,000 in enhanced damages where statutory damages of $10,000 were awarded, the program was broadcast to 100-150 people and the court believed a deterrent to defendant and other potential offenders was necessary) (collecting cases).

J&J seeks payment of its attorneys' fees ($1,287.00) and costs ($1,135.49), pursuant to § 605(e)(3)(B)(iii). (The court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.") and § 553 (same). We find J&J's costs and attorneys' fees to be reasonable and supported by the evidence.

For the reasons set forth above, the Court **GRANTS** J&J's motion for default judgment and awards J&J the total amount of $4,622.49. Judgment shall be entered accordingly.

Date: 11/13/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kyle A. Cooper
GREENE & COOPER, LLP
kcooper@greenecooper.com

Helen V. Cooper
GREENE & COOPER ATTORNEYS LLP
hcooper@greenecooper.com

Charlie William Gordon
GREENE & COOPER PSC
cgordon@greenecooper.com

Samuel Barrera, Individually and
d/b/a Taqueria Jalisco
10496 Ballard Drive
Brownsburg, IN 46112